**Alma Rosa MICHEL–LOPEZ, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–74053.

Agency No. A79–524–354.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 8, 2005.*

Decided Nov. 21, 2005.

Alma Rosa Michel–Lopez, Santa Ana, CA, pro se.

CAC–District Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, James E. Grimes, Melissa Neiman–Kelting, U.S. Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before WALLACE, LEAVY and BERZON, Circuit Judges.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM**

Alma Rosa Michel–Lopez, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration judge's ("IJ") order denying her application for cancellation of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review the denial of a motion to continue for abuse of discretion, see Nakamoto v. Ashcroft, 363 F.3d 874, 883 n. 6 (9th Cir.2004), and we review legal determinations regarding an alien's eligibility for cancellation of removal de novo. See Montero–Martinez v. Ashcroft, 277 F.3d 1137, 1145 (9th cir.2002). We deny the petition for review.

█ The IJ granted Michel–Lopez's first two requests for a continuance, then denied her third request for a continuance, stating that Michel–Lopez would need to file a more detailed motion two weeks before the next hearing. Instead of following the IJ's instructions, Michel–Lopez filed a motion for a continuance on the Friday before her Monday hearing. Under these circumstances, the IJ did ·not abuse her discretion in denying a further continuance.

█ In support of her application for cancellation of removal, Michel–Lopez repeatedly testified that her three children had never left the United States. However, after being confronted with evidence showing that each of her children had left and returned to the United States approximately ten times, Michel–Lopez admitted she lied under oath. Because false testimony precludes a finding of good moral character, the agency's denial of Michel–Lopez's application for cancellation of re-

moval was proper. See Lopez–Umanzor v. Gonzales, 405 F.3d 1049, 1053 n. 3 (9th Cir.2005) (noting that presentation of false testimony precludes a finding of good moral character for purposes of cancellation eligibility).

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

